IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DALE BERNARD GREEN,

    Plaintiff,

v.                                  CASE NO. 4:15-cv-54-MW-GRJ

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a Civil Rights complaint on the court's standard form (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons discussed below, it is respectfully **RECOMMENDED** that this cause be dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

Plaintiff alleges that he contracted tuberculosis while in custody of the Department of Corrections. As relief, Plaintiff seeks 3.1 million dollars in compensatory damages. (Doc. 1.)

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A

prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule.  Plaintiff previously filed four federal cases which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted:

- *Green v. Lancaster et al*, No. 1:03-cv-22-MP-AK (N.D. Fla. August 11, 2003) (dismissed as frivolous);

- *Green v. Coats et al,* No. 8:11-cv-364-JDW-AEP (M.D. Fla. April 15, 2011) (dismissed for failure to state a claim);

- *Green v. Coats*, No. 8:11-cv-2688-JDW-TBM (M.D. Fla. December 9, 2011) (dismissed for failure to state a claim).

- *Green v. Larizza et al*, No. 3:13-cv-612-MMH-MCR (M.D. Fla. May 30, 2013) (dismissed as frivolous);

Plaintiff has filed a motion to proceed *in forma pauperis* (Doc. 2.)  Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915, given that he is a "three-striker," and his allegations do not suggest that he is in "imminent danger of serious physical injury."  Rather, he simply alleges that he has contracted tuberculosis, and is being provided medication for this condition.  He states that otherwise, he is in good health.  Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not

allege that he is in any imminent danger.

## CONCLUSION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes and Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) should be denied.

**IN CHAMBERS**, at Gainesville, Florida, this 6th day of February 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.